**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————

ARTHUR J. ALLOWAY,

      Plaintiff-Appellant,

v.

RON WARD, Director; DR. JOANN
RYAN; DR. PAUL JOHNSON;
MARTY SIRMONS, Warden; JOHN
CARTWRIGHT, Corporal; DEANN
LEMMONS, R.N.; BOBBY BOONE,
Deputy Director; CHARLIE
ARNOLD, Security Major,

      Defendants-Appellees.

No. 05-5131
(D.C. No. 04-CV-910-JOE-FHM)
(N.D. Okla.)

———————————

**ORDER AND JUDGMENT**[*]

———————————

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

———————————

Arthur John Alloway, an Oklahoma state prisoner appearing pro se, appeals

the district court's order dismissing without prejudice his civil rights complaint

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Mr. Alloway also appeals the district court's order denying his motion to reconsider. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Alloway is periodically transported from the Dick Conner Correctional Center (DCCC), where he is housed, to various medical facilities for treatment. Invoking 42 U.S.C. §§ 1983, 1985, and the Americans with Disability Act, Mr. Alloway filed this lawsuit against several Oklahoma Department of Corrections (ODOC) officials asserting that when he is transported from the DCCC he is forced to submit to a unique method of handcuffing that inflicts needless pain. Specifically, the complaint contends defendants–on two occasions–violated Mr. Alloway's right to be free from excessive force, subjected him to cruel and unusual punishment, and violated his rights to due process and to equal protection. The complaint also asserts defendants retaliated against him for filing grievances and lawsuits, violated his right to limited privacy during a strip search, and conspired to violate his civil rights. The district court ordered a *Martinez* report. After it was filed, defendants filed a motion to dismiss or for summary judgment, citing several grounds including failure to exhaust administrative remedies. The district court granted defendants' Fed. R. Civ. P. 12(b)(6) motion, holding Mr. Alloway failed to exhaust administrative remedies

for all issues raised in his complaint. Thereafter, the district court denied

Mr. Alloway's motion to reconsider. This appeal followed.[1]

"We review *de novo* a district court's dismissal of an inmate's suit for

failure to exhaust his or her administrative remedies." *Patel v. Fleming*, 415 F.3d

1105, 1108 (10th Cir. 2005). We construe Mr. Alloway's motion to reconsider as

a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, and we review the

district court's denial of that motion for an abuse of discretion. *Price v. Philpot*,

420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Because Mr. Alloway is representing

himself, we construe his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).

The PLRA requires prisoners to timely and completely exhaust available

administrative remedies before filing a suit under 42 U.S.C. § 1983 concerning

prison conditions. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741

(2001); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Moreover, an

inmate must see the grievance process to its conclusion; "the doctrine of

substantial compliance does not apply." *Jernigan*, 304 F.3d at 1032.

On appeal, Mr. Alloway asserts he "substantially exhausted all available

administrative remedies that were not intentionally barred by [defendants]." Aplt.

---

[1] Although we recognize that Mr. Alloway is proceeding pro se, he failed to attach to his appellate brief those documents required by 10th Cir. R. 28.2(A)(1). We admonish appellees' counsel for not complying with 10th Cir. R. 28.2(B), which requires the appellee to include with his or her brief all relevant rulings not attached to the appellant's brief.

-3-

Opening Br. at 3.  As far as we can tell, this argument primarily stems from Mr. Alloway's disagreement with the district court's conclusion that he "ha[d] not provided any documents evidencing that he resubmitted . . . grievance appeal [#03-123] according to the correct procedures."  R., Doc 61 at 6; *see* Aplt. Opening Br. at 3A (stating district court's conclusion concerning grievance #03-123 "is wrong!").  Having carefully reviewed the briefs, the record, and the applicable law, we concur with the district court's conclusion and hold that Mr. Alloway failed to exhaust available administrative remedies.

Mr. Alloway also asserts that even if he did not exhaust available administrative remedies as required by the PLRA, the district court should have stayed proceedings and ordered exhaustion pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  Mr. Alloway's argument is misplaced.  In *Rhines*, the Supreme Court held that "in limited circumstances" a district court may stay a mixed habeas petition (one that includes both exhausted and unexhausted claims), *id.* at 277, "to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then return to federal court for review of his perfected petition," *id.* at 271-72.  We have never held, and decline to do so here, that a district court must stay proceedings when presented with a prisoner's § 1983 conditions-of-confinement complaint containing only unexhausted claims. Indeed, we have held "that the PLRA contains a total exhaustion requirement" such that "the presence of unexhausted claims in [a prisoner's] complaint

require[s] the district court to dismiss his action in its entirety without prejudice." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Accordingly, the district court was under no obligation to stay proceedings and order exhaustion.

Mr. Alloway's contention that the district court should have held a hearing before dismissing his complaint is also unavailing. A district court's dismissal for failure to exhaust, without a hearing, is well within the court's discretion. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003).

Finally, we deem waived Mr. Alloway's suggestion that the district court abused its discretion by not adequately considering his motion to reconsider. Although Mr. Alloway cites the motion to reconsider in support of his other appellate arguments, he does not adequately address how the district court abused its discretion by denying that motion. That is, he does not cite any authority or direct us to any evidence to bolster the proposition. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990) (holding issue identified on appeal, but not argued in appellate brief, is waived); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (observing that appellant's pro se status does not excuse him

from "comply[ing] with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").[2]

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED. We remind Mr. Alloway that he must continue making partial payments until the entire balance of the appellate filing fee is paid. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge

---

[2] For the first time in his reply brief, Mr. Alloway "moves this court to stay proceedings" because the circuits are split as to whether the PLRA contains a procedural default rule. Aplt. Reply Br. at 1 (noting Supreme Court's recent grant of certiorari to consider this issue); *see Ngo v. Woodford*, 403 F.3d 620 (9th Cir. 2005), *cert. granted*, 126 S. Ct. 647 (Nov. 14, 2005) (No. 05-416). We ordinarily do not address an issue raised for the first time in a reply brief, and we decline to deviate from this practice in this case. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).